IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARON R. MEISLER** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **COUNTY OF MONTGOMERY et al.,** | : | NO. 14-1512 |
| *Defendants*. | : | |

## MEMORANDUM and O R D E R

Plaintiff Sharon Meisler, a former Montgomery County public defender, contends that her termination from her job violated her First Amendment rights as well as Pennsylvania's Whistleblower Law ("PWL"), 43 Pa. Cons. Stat. Ann. § 1421 *et seq.* Compl. ¶¶ 35, 43, 51. Her employer and her former supervisor assert in their Motion to Dismiss that Ms. Meisler has failed to state a claim as a matter of law. For the reasons discussed below, the Court concludes that Ms. Meisler has sufficiently pled her claims.

To survive a motion to dismiss, the plaintiff's complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). The Court must also accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

Ms. Meisler contends that she was terminated from her employment by her supervisor, Defendant Keir Bradford-Grey, after she reported to the media that Ms. Bradford-Grey had committed an ethical violation. (Compl. ¶¶ 1, 22-24.) Defendants contend that Ms. Meisler has failed to state a First Amendment retaliation claim because the Complaint does not explicitly

1

allege that Ms. Bradford-Grey had knowledge of Ms. Meisler's reporting of the ethical violation. Defs.' Br. 4. However, Ms. Meisler specifically alleges in her Complaint that Ms. Bradford-Grey fired Ms. Meisler because "Plaintiff had reported an ethical violation committed by [Ms.] Bradford-Grey earlier in the week." (Compl. ¶23.) Thus, while it is true that Ms. Meisler did not explicitly state that Ms. Bradford-Grey had knowledge of Ms. Meisler's actions, the statement that Ms. Meisler was fired for reporting the violation is fairly—even necessarily—read to imply causation based on Ms. Bradford-Grey's knowledge of the report.  Accordingly, Defendants' argument fails because Ms. Meisler has adequately alleged a First Amendment retaliation claim against Ms. Bradford-Grey.

The Defendants also contend that Ms. Meisler has failed to state a claim against Montgomery County because her allegations against the County are conclusory. Ms. Meisler alleges that the "Board of Commissioners [for Montgomery County] later ratified [Ms.] Bradford-Grey's decision, and the unlawful rationale underlying it." (Compl. ¶ 30.) As explained above, Ms. Meisler had previously alleged that Ms. Bradford-Grey's "unlawful rationale" was the termination of Ms. Meisler's employment because she had reported the ethical violation. While the Court notes that Ms. Meisler's Complaint could have contained more specific allegations regarding the Board of Commissioners' conduct, her allegation is not wholly or merely conclusory. She has adequately pled a cause of action against Montgomery County. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) ("If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.").

Defendants also move to dismiss Ms. Meisler's claim under the Pennsylvania Whistleblower Law because Ms. Meisler reported Ms. Bradford-Grey's ethical violation to the media rather than to an "appropriate authority" as defined by the statute. *See* 43 Pa. Cons. Stat.

2

Ann. § 1422 (defining "*[a]ppropriate authority*"); *id.* § 1423(a) (No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or *appropriate authority* an instance of wrongdoing or waste."(Emphasis added.)) Ms. Meisler agrees that she did not actually make a report of wrongdoing to an "appropriate authority," but instead contends that Defendants *believed* that she had reported the ethical violation to the County Solicitor—a report which would be protected by the PWL. Ms. Meisler thus contends that a claim may be brought under the PWL even if an employee's employment is terminated as a result of the mistaken perception that the employee engaged in protected activity.

    Ms. Meisler did not cite to any case law discussing this "perception theory" under the PWL, and the Court has not found such a case. However, the reasoning of the Third Circuit Court of Appeals in the adoption of just such a "perception theory" under the Americans with Disabilities Act ("ADA") persuades the Court that the PWL also supports the "perception theory" of retaliation. In *Fogleman v. Mercy Hospital, Inc.*, 283 F.3d 561, 568 (3d Cir. 2002), the Court determined that because the ADA's anti-retaliation provisions were designed to promote the reporting, investigation, and correction of discriminatory conduct in the workplace, the plaintiff stated a claim when he pled that his employer retaliated against him in the mistaken belief that he had engaged in a protected activity under the ADA. *Id.* at 568. Although the ADA's language does not explicitly provide for claims of retaliation based on the decisionmaker's mistaken belief of the employee's in-actuality-nonoccuring protected conduct, the Court reasoned that the statutory text and purpose nonetheless encompassed such a "perception theory." *Id.* As the Court explained:

3

> We read the statutes as directly supporting a perception theory of discrimination due to the fact that they make it illegal for an employer to "discriminate against any individual because such individual has engaged in [protected activity]." 42 U.S.C. § 12203(a). "Discriminat[ion]" refers to the practice of making a decision based on a certain criterion, and therefore focuses on the decisionmaker's subjective intent. What follows, the word "because," specifies the criterion that the employer is prohibited from using as a basis for decisionmaking. The laws, therefore, focus on the employer's subjective reasons for taking adverse action against an employee, so it matters not whether the reasons behind the employer's discriminatory animus are actually correct as a factual matter.

*Id; see also, e.g., Brock v. Richardson*, 812 F.2d 121, 125 (3d Cir. 1987) (holding that the "perception theory" applies under the Fair Labor Standards Act).

The PWL's language is similar to the language of the ADA's anti-retaliation provisions and states, in pertinent part, that "[n]o employer may . . . discriminate or retaliate against an employee . . . because the employee . . . makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste." 43 Pa. Cons. Stat. Ann. § 1423. Indeed, the Court can find no relevant distinction between the ADA's language and the PWL's, and Defendants have offered none, with respect to the reasoning of the Third Circuit Court of Appeals in *Fogleman*. Moreover, the PWL, like the anti-retaliation provision of the ADA, is "chiefly a remedial measure." *N'Jai v. Floyd*, No. 07-1506, 2009 WL 4823839, *19 (W.D. Pa. Dec. 9, 2009). The PWL is "intended to 'enhance openness in government and compel the government's compliance with the law by protecting those who inform authorities of wrongdoing.'" *Id.* (quoting *O'Rourke v. Dep't of Corr.*, 778 A.2d 1194, 1202 (Pa. 2001)). Rigidly interpreting the PWL to exclude the "perception theory," when its language, like the ADA's, can be better read, consistent with the statute's aims, as *encouraging* reports of government wrongdoing, makes little sense. Thus, based on its assessment of the PWL's purpose and its employer motivation-oriented text, the Court holds that a plaintiff may attempt to pursue a "perception theory" of retaliation under the PWL. And, because Ms. Meisler

stated that Defendants believed that she had reported a violation under the PWL, she has adequately stated such a claim under the statute.

Finally, Defendants move to strike portions of Ms. Meisler's Complaint, including the allegation that Ms. Bradford-Grey was vindictive and the pleading sections detailing Ms. Meisler's professional achievements, as being scandalous and impertinent. Motions to strike are disfavored and should "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Krisa v. Equitable Life Assur. Soc.*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000). The Court concludes that Defendants have not surmounted this high burden because the challenged allegations may well be related to issues in the case.

**ACCORDINGLY, it is HEREBY ORDERED and DECREED that, for the foregoing reasons—**

1. Defendants' Motion to Dismiss (Docket No. 3) is **DENIED**.

2. Defendants' Motion to Strike (Docket No. 3) is **DENIED**.

3. Defendants shall file an answer to the Complaint on or before July 28, 2014.

4. The parties shall appear for an initial pretrial conference at 2:00 PM on Tuesday, September 9, 2014.[1]

5. **IT IS SO ORDERED.**

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[1] The details and expectations for the initial pretrial conference will be provided with a Notice also issued today. In addition to following the guidance provided with the Notice, counsel should address any deadlines or other timing issues raised by the class action nature of the case.