IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON MEISLER<br>    Plaintiff,<br>    v.<br><br>MONTGOMERY COUNTY<br>and KEIR BRADFORD-GREY,<br>(in her individual capacity)<br>    Defendants. | Civil Action No. 2:14-cv-01512-GP |

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS MONTGOMERY COUNTY AND KEIR BRADFORD-GREY
TO PLAINTIFF'S COMPLAINT

Defendants, Montgomery County and Keir Bradford-Grey ("Defendants"), through their undersigned counsel, hereby answer the Complaint of Plaintiff Sharon Meisler ("Plaintiff") and set forth their affirmative defenses thereto. In support of this Answer, the Defendants state as follows:

## INTRODUCTION

1. Denied. The allegations in Plaintiff's Introduction are denied both as conclusions of law and as matters of fact.

## THE PARTIES

2. Admitted upon information and belief.

3. Admitted.

4. Denied as stated. The Board of Commissioners consists of three commissioners, who are elected every four years. The Second Class County Code governs the operations of the County of Montgomery.

5. Admitted.

6. Denied as stated. It is admitted that Ms. Bradford-Grey is a citizen of the United States and a resident of the Commonwealth of Pennsylvania. By way of further response, the state constitution mandates the appointment of a public defender for each county. The public defender is appointed by the Board of County Commissioners. Ms. Bradford-Grey was appointed in or about February 2012.

7. Admitted in part, denied in part. It is admitted only that Plaintiff has been employed as an attorney for 28 years. By way of further response, the allegations of Paragraph 7 of the Complaint contain conclusions of law, to which no response is required. As to any other factual allegations, they are denied.

## JURISDICTION AND VENUE

8. Denied as a conclusion of law to which no response is required.

9. Denied as a conclusion of law to which no response is required.

10. Denied as a conclusion of law to which no response is required.

11. Denied as a conclusion of law to which no response is required.

## FACTUAL BACKGROUND

12. Admitted.

13. Admitted in part, denied in part. It is admitted that Plaintiff was hired as an assistant county public defender in or about April 1985. As to any other factual allegations, they are denied.

14. Denied. After reasonable investigation, the County is without knowledge or information sufficient to form a belief as to the truth of the averment, and it is denied.

15. Denied. After reasonable investigation, the County is without knowledge or information sufficient to form a belief as to the truth of the averment, and it is denied.

16. Denied. After reasonable investigation, the County is without knowledge or information sufficient to form a belief as to the truth of the averment, and it is denied.

17. Denied. After reasonable investigation, the County is without knowledge or information sufficient to form a belief as to the truth of the averment, and it is denied.

18. Admitted.

19. Denied as stated. By way of further response, from approximately 1993-2013, Plaintiff had some shared responsibilities for the Continuing Legal Education program for the attorneys in the Public Defender's office. Further, during Ms. Bradford-Grey's tenure, Plaintiff only organized one CLE. Additionally, other staff attorneys in the Public Defender's Office contributed to the organization and planning of the CLE program.

20. Denied as stated. By way of further response, Plaintiff, prior to her termination, was relived of her duties regarding supervising preliminary hearing attorneys due to poor performance and lack of communication. Further, Plaintiff voluntarily resigned her duties supervising interns and contributing to the intern program. Moreover, Plaintiff chose to not participate in providing training to attorneys in the office.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FIRST AMENDMENT
## TO THE UNITED STATES CONSTITUTION
**(Against the County of Montgomery)**

21. The Defendants incorporate herein by reference the averments and denials of Paragraphs 1 through 20 above of this Answer, as if fully set forth herein.

22. Admitted in part, denied in part. It is admitted that Plaintiff was terminated on Thursday, September 19, 2013. By way of further response, Plaintiff was terminated because she purposefully violated the County's Ethics Code and the Public Defender's written Office

Procedures Policy, and created an actual and potential conflict of interest when she utilized her resources and privileges as an Assistant Public Defender to facilitate and foster business for a private law firm, with which she was affiliated, the Law Offices of Anita M. Seth.  Further, per County policy, Plaintiff was escorted out of the building by security, as all terminated County employees are.  The remaining allegations are denied.

23.	Denied. Defendants incorporate herein by reference the averments of Paragraph 22 above.  By way of further response, Plaintiff was terminated because she purposefully violated the County's Ethics Code and the Public Defender's written Office Procedures Policy, and created an actual and potential conflict of interest when she utilized her resources and privileges as an Assistant Public Defender to facilitate and foster business for a private law firm, with which she was affiliated, the Law Offices of Anita M. Seth.  Additionally, the Defendants had no knowledge that Plaintiff allegedly reported an ethical violation by Ms. Bradford-Grey prior to Plaintiff's termination.

24.	Denied as stated. By way of further response**,** Ms. Bradford-Grey unintentionally violated the County's ethics policy with an email she sent out to staff lawyers in connection with a fundraising event for a judicial candidate.

25.	Denied. After reasonable investigation, the County is without knowledge or information sufficient to form a belief as to the truth of the averment, and it is denied. Additionally, the County and Ms. Bradford-Grey had no knowledge that Plaintiff allegedly reported an ethical violation by Ms. Bradford-Grey prior to Plaintiff's termination.

26.	Denied as stated. On September 19, 2013, the Board of Commissioners verbally advised Ms. Bradford-Grey of her violation of the County's Code of Ethics and instructed her to

be more diligent in the future to avoid any actual or perceived violations of the County's Ethics Policy.

27.     Denied as stated.  By way of further response, Plaintiff was terminated for, among other violations, purposefully violating the County's Ethics Code and the Public Defender's written Office Procedures Policy, because she created an actual and potential conflict of interest when she utilized her resources and privileges as an Assistant Public Defender to facilitate and foster business for a private law firm, with which she was affiliated, the Law Offices of Anita M. Seth.

28.     Denied. By way of further response Mrs. Bradford- Grey made no public comment regarding Plaintiff's termination.

29.     Denied.  Defendants incorporate herein by reference the averments of Paragraph 27 above of this answer.  Additionally, Defendants had no knowledge that Plaintiff allegedly reported an ethical violation by Ms. Bradford-Grey prior to Plaintiff's termination.

30.     Denied. The allegations of Paragraph 30 of the Complaint constitute conclusions of law and are denied as such.  The Commissioners, along with the County Controller, form the Salary Board 16 P.S. § 4822.  The Salary Board's duty is to fix the number and compensation of employees. 16 P.S.  § 4823.

31.     This paragraph quotes the First Amendment to the United States Constitution of the United States, U.S. Const. amend. I., which speaks for itself, and no response is required.

32.     Denied as a conclusion of law to which no response is required.

33.     Denied.  The allegations of Paragraph 33 of the Complaint contain conclusions of law, to which no response is required.  As to any other factual allegations, they are denied.  By way of further response, the Defendants had no knowledge that Plaintiff allegedly communicated

5

with the media prior to her termination.  Further, the Commissioners do not "ratify" terminations of public defenders under the Second Class County Code, which governs the operations of the County of Montgomery.

34. Denied. It is denied that Bradford-Grey dispatched detectives to the County jail after Plaintiff had been fired to talk with PDO clients about Plaintiff and to substantiate the "trumped up charges."

35. Denied.  The allegations of Paragraph 35 of the Complaint contain conclusions of law, to which no response is required.  As to any other factual allegations, they are denied.

36. Denied.  The allegations of Paragraph 36 of the Complaint contain conclusions of law, to which no response is required.  As to any other factual allegations, they are denied.

37. Denied as a conclusion of law to which no response is required.

38. This paragraph describes 42 U.S.C. § 1983 which speaks for itself, and no response is required

39. Denied as a conclusion of law to which no response is required.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FIRST AMENDMENT
### TO THE UNITED STATES CONSTITUTION
### (Against the Bradford-Grey, in her individual capacity only)

40. The Defendants incorporate herein by reference the averments and denials of Paragraphs 1 through 39 above of this Answer, as if fully set forth herein.

41. Denied as a conclusion of law to which no response is required.

42. Denied as a conclusion of law to which no response is required.

43. Denied.  The allegations of Paragraph 43 of the Complaint contain conclusions of law, to which no response is required.  As to any other factual allegations, they are denied.

44. Denied as a conclusion of law to which no response is required.

45. Denied. The allegations of Paragraph 45 of the Complaint contain conclusions of law, to which no response is required. As to any other factual allegations, they are denied.

46. Denied as a conclusion of law to which no response is required.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE PENNSYLVANIA WHISTLE BLOWER LAW
(Against the County of Montgomery)

47. The Defendants incorporate herein by reference the averments and denials of Paragraphs 1 through 46 above of this Answer, as if fully set forth herein.

48. This paragraph describes the PWL, 43 P.S. §1423(a), which speaks for itself, and no response is required.

49. Denied. It is denied that Ms. Bradford-Grey had any knowledge, mistakenly or otherwise, that Plaintiff allegedly reported the ethical violation to the County Solicitor. By way of further response, Plaintiff's averments in Paragraph 49 of the Complaint amount to a judicial admission that Plaintiff did not make any good faith report of wrong doing or waste, either verbally or in writing, to the employer or appropriate authority.

50. Denied as stated. By way of further response, Plaintiff was terminated on September 19, 2013 because she purposefully violated the County's Ethics Code and the Public Defender's written Office Procedures Policy, and created an actual and potential conflict of interest when she utilized her resources and privileges as an Assistant Public Defender to facilitate and foster business for a private law firm, with which she was affiliated, the Law Offices of Anita M. Seth. Additionally, Defendants had no knowledge that Plaintiff allegedly communicated with the media prior to her termination and Ms. Bradford-Grey had no

knowledge, mistakenly or otherwise, that Plaintiff allegedly reported the ethical violation to the County Solicitor prior to Plaintiff's termination.

51.  Denied as a conclusion of law to which no response is required.

WHEREFORE, Defendants Montgomery County and Keir Bradford-Grey respectfully request that judgment be entered in their favor and against Plaintiff Sharon Meisler on all Counts of Plaintiff's Complaint, together with an award of Defendants' costs of suit.

## AFFIRMATIVE DEFENSES

The Defendants incorporate by reference as if fully set forth herein its answers in the foregoing Paragraphs.  Additionally, the following affirmative defenses are asserted herein.  The Defendants specifically reserve the right to amend or supplement these affirmative defenses.  Any inadvertent omission of an affirmative defense shall not be deemed an admission, and the Defendants do not waive any rights herein.

## FIRST DEFENSE

No impermissible factor played any role whatsoever in any of Plaintiff's complained of personnel actions.  Moreover, even if some impermissible motive were a factor in any of these decisions, which Defendants deny, Defendants would have made the same decision(s) for legitimate business reasons.

## SECOND DEFENSE

Plaintiff's claim for monetary relief is barred to the extent that she has failed to mitigate her damages or suffered no damages.

## THIRD DEFENSE

Defendants had legitimate nondiscriminatory reasons for separating Plaintiff's employment.

## FOURTH DEFENSE

At all times relevant to Plaintiff's claims herein, Defendants acted in good faith.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel and unclean hands.

## SIXTH DEFENSE

Plaintiff was not deprived of any right or entitlement afforded by the First Amendment to the United States Constitution.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

Plaintiff did not make any good faith report of wrong doing or waste, either verbally or in writing, to the employer or appropriate authority.

## NINTH DEFENSE

Plaintiff would have been terminated even in the absence of any whistleblowing.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all damages claimed by Plaintiff were caused, aggravated, or contributed to by Plaintiff's own conduct.

## ELEVENTH DEFENSE

Plaintiff did not engage in protected activity.

## TWELFTH DEFENSE

Defendants did not retaliate against Plaintiff for engaging in protected activity.

## THIRTEENTH DEFENSE

There is no causal connection between Plaintiff's alleged protected activity and any alleged adverse employment action.

## JURY TRIAL DEMAND

Defendants Montgomery County and Keir Bradford-Grey hereby demand, pursuant to Federal Rule of Civil Procedure 38(b), that they be granted a trial by jury in this matter as its right under the Seventh Amendment to the United States Constitution.

Respectfully submitted,
MONTGOMERY COUNTY SOLICITOR'S OFFICE

*/s/Sharon w. Glogowski*
Sharon W. Glogowski, Esquire
I.D. No. 93249
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033

Counsel for Defendants,
Dated: July 23, 2014          Montgomery County and Keir Bradford-Grey

## **CERTIFICATE OF SERVICE**

I, Sharon W. Glogowski, Esq., hereby certify that the *Answer and Affirmative Defenses of the Defendants Montgomery County and Keir Bradford-Grey to Plaintiff's Complaint* was served electronically on the 23rd day of July, 2014, via the Court's ECF System, upon the following counsel of record:

>Marc E. Weinstein, Esq.
>One Northbrook Corporate Center
>1210 Northbrook Drive, Suite 280
>Trevose, PA 19053

_____
Sharon Glogowski, Esquire